IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ADRIAN L PALMER, | : | |
| Petitioner, | : | |
| VS. | : | Case No. 4:24-CV-159-CDL-ALS |
| Sheriff GREG COUNTRYMAN, | : | |
| Respondent. | : | |

### ORDER

*Pro se* Petitioner Adrian L. Palmer, an inmate most recently incarcerated in the Muscogee County Jail in Columbus, Georgia, filed a pleading that was docketed as a petition seeking relief pursuant to 28 U.S.C. § 2254 (ECF No. 1). On December 18, 2024, the Court ordered Petitioner to either pay the $5.00 filing fee or move for leave to proceed *in forma pauperis*. Petitioner was also instructed to recast his Petition on the appropriate standard form. Petitioner was given fourteen (14) days from the date of that order to comply, and he was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of his Petition. *See generally* ECF No. 3.

The time for compliance passed without a response from Petitioner. On March 3, 2025, the Court ordered Petitioner to respond and show cause why his lawsuit should not be dismissed for failing to comply with the Court's orders and instructions. Petitioner was also again ordered to comply with the Court's December 18th Order if he wished to proceed with this action. Petitioner was given fourteen (14) days to respond, and he was again

warned that the failure to fully and timely comply could result in the dismissal of this case. *See generally* ECF No. 4.

The time for compliance has again expired without a response from Petitioner. As Petitioner has been warned, the failure to comply with the Court's orders and instructions is cause for dismissal of this case. Because Petitioner has failed to comply with the Court's instructions and orders and otherwise failed to diligently prosecute his claims, his Petition is **DISMISSED without prejudice**. Fed. R. Civ. P. 41; *see also Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (the failure to comply with a court order is grounds for dismissal in a habeas case).[1]

To the extent this action can be construed as one that requires a certificate of appealability ("COA"), Petitioner has no absolute entitlement to appeal this dismissal. Before he may appeal, the district court must first issue a COA. *See* 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2254, Rule 11(a); *see also Reedman v. Thomas*, 305 F. App'x 544, 545 (11th Cir. 2008) (per curiam) (granting COA on issue of whether habeas petition was properly dismissed for failure to comply with court order). When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a COA will not be issued unless the prisoner can show,

---

[1] Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") provides: "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Federal Rule of Civil Procedure 41(b) is not inconsistent with the any of the Habeas Rules.

2

at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478. Reasonable jurists could not find that a dismissal of the instant action for Petitioner's failure to prosecute and comply with the Court's orders was debatable or wrong. *See Knox v. Morgan*, 457 F. App'x 777, 779 (10th Cir. 2012) (denying COA where district court dismissed habeas petition without prejudice for failing to comply with court orders). Thus, to the extent a COA is necessary, Petitioner is **DENIED** a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam) (approving denial of COA before movant filed a notice of appeal).

**SO ORDERED**, this 14th day of April, 2025.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA